IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Senior Property Tax Deferral

ANN E. ECKSTROM-HERGET,          )
                                 )
          Plaintiff,             )   TC-MD 120746C
                                 )
     v.                          )
                                 )
DEPARTMENT OF REVENUE,           )
State of Oregon,                 )
                                 )
          Defendant.             )   **DECISION**

This matter is before the court on Defendant's Motion for Summary Judgment (Motion),

filed with the court February 14, 2013. Plaintiff filed her Complaint September 5, 2012,

challenging Defendant's decision to remove her from the Senior and Disabled Property Tax

Deferral program for the 2011-12 tax year. The property at issue is identified in the assessor's

records as Account R234196 for the 2011-12 tax year. The court held a case management

conference November 7, 2012, after Defendant filed its initial response. At the conclusion of

that proceeding, the court set the matter for trial, and Defendant subsequently filed the pending

Motion. As of March 14, 2013, Plaintiff had not responded to Defendant's Motion.

Defendant asserts in its Motion that, for the 2011-12 tax year, Plaintiff is, as a matter of

law, ineligible for property tax deferral provided in ORS 311.666 to 311.701, because the

property taxes imposed on Plaintiff's homestead for the 2010-11 tax year were previously

deferred in error, subsequently billed to Plaintiff but unpaid, and are delinquent. (Def's Mot for

Summ J at 3, 4.) Defendant relies on ORS 311.668(3). (*Id*. at 1, 3, 4) Defendant's Motion is

supported by the Declaration of Kathryn Stevens (Stevens), an Operations Policy Analyst 3 in

/ / /

/ / /

/ / /

the Department of Revenue's (Department) Property Tax Division, and four exhibits labeled

A through D.[1]

Defendant's Motion was filed under Tax Court Rule-Magistrate Division (TCR-MD) 6

(generally providing for the filing of motions and setting forth procedural requirements

pertaining thereto). The 20 day response period provided in TCR-MD 6 B(1)[2] and Tax Court

Rule (TCR) 47 C[3] has passed and Plaintiff did not file a response.[4] The motion was filed at least

60 days before the date set for trial, which is another requirement under TCR 47 C. Finally,

TCR 47 C provides in relevant part:

> "The court shall grant the motion if the pleadings, depositions, affidavits,
> declarations, and admissions on file show that there is no genuine issue as to any
> material fact and that the moving party is entitled to prevail as a matter of law.
> No genuine issue as to a material fact exists if, based upon the record before the
> court viewed in a manner most favorable to the adverse party, no objectively
> reasonable juror could return a verdict for the adverse party on the matter that is
> the subject of the motion for summary judgment. The adverse party has the
> burden of producing evidence on any issue raised in the motions as to which the
> adverse party would have the burden of persuasion at trial. The adverse party

/ / /

---

[1] Chronologically, the four exhibits are: 1) the Department's 2011 (2011-12 tax year) Property Tax Deferral Inactive Status letter informing Plaintiff she is being removed from the program for the 2011-12 tax year, 2) a Notice of Deficiency, 3) a Notice of Deficiency Assessment (both issued by the Department for the 2010-11 tax year), and 4) a copy of the Department's internal records titled "Liability Detail" showing that Plaintiff's tax year 2010-11 property taxes in the amount of $2,568.45 were deferred, and that the taxes, plus applicable penalty and interest, have not been paid. (Def's Mot for Summ J, Exs A, B, C, and D.)

[2] Providing in relevant part: "An opposing party may file a written response to any motion. The court encourages parties to submit their responses as soon as possible. * * * For motions filed after the case management conference, unless otherwise specified by the court, a response is due 10 days after the date of service of the motion or *20 days after the date of service in the case of a response to a motion for summary judgment*. The court will not rule on the motion until after the designated response time has passed." (Emphasis added.) Defendant's motion was filed after the first case management conference and Plaintiff's 20 day response period has lapsed. The motion is therefore ripe for ruling.

[3] The Preface to the rules of the Magistrate Division provides that the rules of the Regular Division of the Tax Court "may be used as a guide" in situations where "circumstances arise that are not covered by a Magistrate Division rule." The Magistrate Division has no specific rule governing summary judgment motions. Accordingly, the court is applying Regular Division rule, TCR 47. TCR 47 specifically addresses summary judgment. TCR 47 C provides in relevant part: "The adverse party shall have 20 days in which to serve and file opposing affidavits or declarations and supporting documents."

[4] Plaintiff, who has appeared *pro se*, did file a fairly lengthy, detailed, and sophisticated written response to Defendant's earlier Motion to Dismiss. Her response contained both equitable and legal arguments, citations to various statutes, and supporting documents including the notice from which she appealed and a statutory Warranty Deed, the latter having relevance to an issue raised earlier in the case (ownership).

DECISION   TC-MD 120746C                                                                 2

may satisfy the burden of producing evidence with an affidavit or declaration under section E of this rule."

Defendant moves for summary judgment "because the department has determined that ORS 311.668(3) prohibits the granting of property tax deferral for plaintiff's property for the 2011-2012 tax year." (Def's Mot for Summ J at 1.) Defendant asserts that, under ORS 311.668(3), Plaintiff is ineligible for the property tax deferral for the 2011-12 tax year because the property taxes for the 2010-11 tax year imposed on her homestead have been deferred and are delinquent. (*Id.* at 2, 3.)

ORS 311.668(3)[5] provides:

"Notwithstanding subsection (1) of this section [providing for property tax deferral on the homestead where a claim is filed and the individual is at least 62 years of age], deferral may not be granted under ORS 311.666 to 311.701 with respect to *a claim* if, at the time the claim is filed, property taxes imposed on the homestead of any individual filing the claim *have been deferred* and *are delinquent* or have been canceled."

(Emphasis added.)

Defendant states in its Answer, filed November 13, 2012, that Plaintiff "has been a participant in the deferral program since 2009." (Def's Ans at 1.) Plaintiff has not challenged that statement. The court presumes Defendant's reference to "2009" is to the 2009 assessment year, which corresponds to the 2009-10 tax year. *See generally* ORS 308.007. Thus, Plaintiff's taxes were ("have been") deferred, a requirement of ORS 311.668(3) if a claimant's taxes are not to be granted continued deferral. Plaintiff remained in the program for the 2010-11 tax year, with Defendant paying the taxes to Multnomah County as provided by ORS 311.676.

Defendant "subsequently discovered that [Plaintiff's] 2009 federal adjusted gross income exceeded the allowable income limit for the property tax deferral program, which rendered her ineligible for the program for tax year 2010-11." (Def's Mot for Summ J at 2; Decl of Kathryn Stevens at ¶ 3.) Defendant's tax year 2010-11 ineligibility determination comports with

_____

[5] Unless noted otherwise, the court's references to the Oregon Revised Statutes (ORS) are to 2011.

ORS 311.689(7)(a) (2009). That statute, which was in effect and governed the 2010-11 tax year, precluded continued deferral for any year when the Department determined that a taxpayer/claimant's household income for the immediately preceding calendar year exceeded the statutory amount of $32,000, indexed annually after July 1, 2002, per ORS 311.689(1), (4) (2009).

Having determined Plaintiff was not entitled to deferral for the 2010-11 tax year under ORS 311.689(7)(a), Defendant billed Plaintiff for the amount of property taxes it had paid to the county on Plaintiff's behalf for the 2010-11 tax year by Notice of Deficiency dated January 5, 2011. (Def's Mot for Summ J at 2; Decl of Kathryn Stevens at ¶ 4; Def's Ex B.) The Department's deficiency billing was issued pursuant to ORS 311.689(7)(a) (2009). That statute provides in relevant part:

> "If, after an initial determination under this section has been made by the department, upon audit or examination or otherwise, it is discovered that the taxpayer or spouse had federal adjusted gross income in excess of the limitation provided under subsection (1) of this section [defined as federal adjusted gross income that exceeds $32,000 for the tax year that began in the previous calendar year[6]], the department shall determine the amount of taxes deferred that should not have been deferred and *give notice* to the taxpayer or spouse of the amount of taxes that should not have been deferred. *The provisions of ORS chapters 305 and 314 shall apply to a determination* of the department *under this section in the same manner as* those provisions are applicable to *an income tax deficiency*."

ORS 311.689(7)(a) (emphasis added).

There is no indication Plaintiff responded to the Notice of Deficiency, which cited excessive federal adjusted gross income as the reason for the billing. (Decl of Kathryn Stevens at ¶ 3; Def's Ex B.)

Defendant further asserts that it did not receive any payment from Plaintiff for the taxes it billed by its deficiency for the "previously, and incorrectly, deferred taxes, [so] the department issued a Notice of Deficiency Assessment on March 1, 2011." (Def's Mot for Summ J at 2; Decl

---

[6] ORS 311.689(4) (2009) provides for the annual indexing of federal adjusted gross income for tax years beginning on or after July 1, 2002 applying "the indexing factor described in ORS 311.668(7)(a)(A)."

of Kathryn Stevens at ¶ 4; Def's Ex C.) Stevens' Declaration states that "[t]he department's records indicate that [Plaintiff] has made no payments toward this billing to date," which was February 14, 2013. (Decl of Kathryn Stevens at ¶ 4.) The supporting exhibit is Defendant's "Liability Detail" computer screen printout showing the nonpayment. (Def's Mot for Summ J, Ex D.) Pursuant to ORS 311.689(7)(a) (2009) and ORS 305.265(2), (7) (2009), the latter made applicable by ORS 311.689(7)(a) (2009), Plaintiff's tax year 2010-11 taxes became delinquent. Thus, Plaintiff had homestead property taxes that had been deferred and subsequently became delinquent. Those are the two key requirements of ORS 311.668(3) precluding the Department from granting deferral.

That brings the court to the tax year at issue: 2011-12, and Defendant's determination to remove Plaintiff from the deferral program. Plaintiff filed a deferral recertification application for the 2011-12 tax year with Defendant on or about July 25, 2011. (Def's Mot for Summ J at 2; Decl of Kathryn Stevens at ¶ 1.) That application was required by ORS 311.689(1), which requires a taxpayer to certify continued entitlement to deferral three years after initial deferral is claimed, and every two years thereafter. The biennial recertification requires a taxpayer to certify that both the homestead and the taxpayer(s) remain eligible for deferral. There are a number of requirements for homestead deferral eligibility. Defendant initially removed Plaintiff from the deferral program based on a determination that she had a reverse mortgage (which is prohibited by ORS 311.700(2)) and was ineligible for the two-year extension established by the state legislature in 2012 through the passage of HB 4039, section 7, because she also failed to meet the durational ownership requirements imposed by the legislature in 2011 through the passage of HB 2543 (2011 Or Laws, ch 723, § 3), which amended ORS 311.670. (Ptf's Compl at 3; Def's Ans at 1-2.) Defendant subsequently reviewed its records and discovered Plaintiff's "previously deferred property taxes for the 2010-2011 tax year [were] delinquent. That is the

basis for Defendant's pending Motion for Summary Judgment on which the court is hereby ruling.

The court agrees with Defendant that ORS 311.668(3) prohibits the granting of continued property tax deferral to Plaintiff for the 2011-12 tax year because Plaintiff's tax year 2010-11 property taxes were deferred, Plaintiff was subsequently determined to be ineligible for deferral for the 2010-11 tax year, Defendant billed Plaintiff for the taxes, and Plaintiff did not pay them. ORS 311.668(3) provides in relevant part that "deferral may not be granted * * * if, at the time the claim is filed, property taxes imposed on the homestead * * * have been deferred and are delinquent or have been canceled." ORS 311.668(3). Because Plaintiff, at the time of filing her recertification claim, had "property taxes imposed * * * [that] ha[d] been deferred and [we]re delinquent," Defendant was statutorily precluded from granting deferral for tax year 2011-12. Defendant's Motion is therefore well taken. "[T]he pleadings, * * * declarations, and admissions on file show that there is no genuine issue as to any material fact" and the court finds "that [Defendant] is entitled to prevail as a matter of law." TCR 47 C. "[N]o objectively reasonable juror could return a verdict for [Plaintiff] on the issue raised by Defendant's Motion. (*Id.*) Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion For Summary Judgment is granted for the 2011-12 tax year. Trial in the matter, currently set for April 17, 2013, is no longer necessary and is therefore hereby canceled.

Dated this ____ day of March 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on March 26, 2013. The Court filed and entered this document on March 26, 2013.*